UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WATKINS MOTOR LINES, INC.,

                          Plaintiff,
vs.                               Case No.  3:06-cv-580-J-33MCR

CRUM & FORSTER INDEMNITY COMPANY and
UNITED STATES FIRE INSURANCE
COMPANY,

                          Defendants.
_____/

## ORDER

This cause comes before the Court <u>sua sponte</u>. Upon review of the docket, the Court finds that the present action may have been filed in an improper division of the Middle District of Florida. Plaintiff's complaint was originally styled as a Tampa Division case, and Plaintiff's complaint and amended complaint indicate that Plaintiff is a Lakeland, Florida corporation. The complaint does not allege that any party is located in the Jacksonville Division or that any of the actions leading to the filing of the complaint took place in the Jacksonville Division.

Local Rule 1.02(b)(4), M.D. Fla., explains, "The Tampa Division shall consist of the following counties: Hardee, Hernando, Hillsborough, Manatee, Pasco, Pinellas, Polk and Sarasota. The place of holding court shall be Tampa." In addition, Local Rule 1.02(c), M.D. Fla., states, "All civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due

regard to the place where the claim arose and the residence or principal place of business of the parties."

As noted in Local Rule 1.02(e), M.D. Fla., "The Court may, within its discretion, or upon good cause shown by any interested party, order that any case, civil or criminal, be transferred from one Division to any other Division for trial, or from one place of holding court to another place of holding court in the same Division."

It is not clear, from the present record, that this case belongs in the Jacksonville Division, rather than the Tampa Division. In light of Local Rule 1.02, M.D. Fla, further briefing on this issue is necessary. Plaintiff shall file, within ten days of the date of this Order, a notice explaining why it has filed the complaint in the Jacksonville Division, rather than the Tampa Division.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Within ten days of the date of this Order, Plaintiff shall file a notice with the Court providing an explanation of why the

complaint was filed in the Jacksonville Division, rather than the Tampa Division.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>10th</u> day of July, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record